J. Irwin Shapiro, J.
This is an application by the defendant in person for a writ of error coram nobis to vacate a judgment of conviction rendered against him in the former County Court of Queens County, after trial, on January 30, 1942, upon which he was convicted of the crime of sodomy and sentenced to a term of not loss than two nor more than four years.
The basis for the relief sought by the defendant’s application, insofar as material, is as follows: “ Petitioner now seeks relief in a new coram nobis proceeding under the Jackson v. Denno decision * * # and as provided in People v. Huntley, 15 1ST. Y. 2d 72, * * * in that an illegally and unlawfully obtained confession was obtained from petitioner * * * by police officers and without the presence or aid of counsel at the time the police officers induced, intimidated and coerced petitioner into signing the confession. ”
In opposition the District Attorney of the County of Queens states that: “ There are no means of checking defendant’s allegations as to whether objection was made at the trial to the admissibility of his confession. Since no appeal was taken from the judgment of conviction, the trial record is not on file herein. Efforts to obtain a transcript of the minutes of the trial (23 years later) have been unsuccessful.”
The District Attorney further states: ‘ ‘ However, consent is given to the granting of defendant’s motion only to the extent that a hearing be had on the question as to whether the voluntariness of defendant’s confession was an issue in the trial to require a Huntley hearing.”
In People v. Huntley (15 N Y 2d 72, 77), Chief Judge Desmond stated: ‘ ‘ Some but not all of the other questions which have been or will be raised because of Jackson v. Denno [378 U. S. 368] are answered by us ’ ’.
The situation here is doubtless one of those unanswered “ other questions ” envisaged by that statement of the learned Chief Judge. In discussing the import of the Huntley decision (supra, p. 77) and particularly that part of it which reads: “ (1) As to trials already concluded: * * # (b) * * * there is no constitutional impediment to using the prior record provided that the defendant and the People are permitted to put in additional proof if either side so desires.” And in anticipation of the very situation here presented I said in an article entitled “ Confessions in Criminal Cases ” appearing in the *1020 New York Law Journal (Feb. 16, 1965, p. 1, Notes and Views, p. 4, col. 7); “ Obviously, this aspect of the decision assumes the existence of a ‘ prior record, ’ but what about the cases (doubtless in the vast majority) in which no appeal was taken and in which there is no ‘ prior record? ’ If alive, the court stenographer may have destroyed his record of the trial proceedings. And in those cases in which the arresting officer, the prosecuting attorney, the stenographer and the trial judge may all have gone to their reward, who is to contradict the prisoner’s allegation in his coram nobis petition that a confession was introduced at the trial which resulted in his conviction. Unable to contradict the assertion, the ordering of new trials and subsequent dismissal will become automatic because, with the lapse of time, the sources of proof will at least have been diminished, if not vanished, and a new trial will have been made practically impossible. Wholesale vacations of judgments of conviction and the freeing of the most desperate kinds of criminals can well be envisaged as a result necessarily flowing from the implementations of the procedural rule laid down in Jackson-Denno. ”
This motion is therefore granted to the extent of ordering a hearing to determine whether a confession was used at the trial of the defendant, and if it was, whether its voluntariness was put in issue. If both of these questions are answered in the affirmative the hearing will then proceed to determine whether the confession was voluntary.
The District Attorney is directed to submit an order for the production of the defendant in civilian attire for the purposes aforesaid.